# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID SCHACHER, BOP Reg # 65255-019, | |
| Movant, | 1:13-cr-376-WSD |
| v. | 1:15-cv-2354-WSD |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Report and Recommendation [48] ("R&R"), recommending denial of David Schacher's ("Movant") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [38] ("Motion to Vacate"). Also before the Court are Movant's Objections to the R&R [50].

## I. BACKGROUND

On September 17, 2013, a grand jury in the Northern District of Georgia returned an Indictment [1][1] charging Movant with three crimes involving child pornography: distribution (Count One) and receipt (Count Two), in violation of

---

[1] Citations to the record in this Order refer to criminal action 1:13-cr-00376-WSD-JSA.

18 U.S.C. § 2252(a)(2), and possession (Count Three), in violation of 18 U.S.C. § 2252(a)(4)(B).

On April 10, 2014, Movant pled guilty to Count One pursuant to a written plea agreement. ([23.1]). At the plea hearing, Movant acknowledged the following:

1. He understood the trial rights he was willingly forfeiting by pleading guilty, including the right against self-incrimination. ([35] at 8-15).

2. He understood his plea agreement, and he had received no threats inducing him to plead guilty and no promises other than those outlined in the agreement. (Id. at 15-21).

3. He understood from discussions with the government that the calculated sentencing guideline range for his crime of conviction would most likely be 210-262 months, based on an offense level of 37 and a criminal history category of I, and that the government would then move for a variance to reduce his sentencing range to 135-168 months. (Id. at 31-32).

4. He was satisfied with the representation of his two defense attorneys. (Id. at 34).

5. He understood the elements of the crime to which he was pleading guilty and what the government would have to prove to convict him. (Id. at 34-37).

6. He understood that the penalty range for his crime of conviction was a mandatory minimum 5-year sentence and a maximum 20-year sentence. (Id. at 37).

7. He understood that the Court would not be bound by the sentence recommended by the sentencing guidelines or by the government, including any variance the government might

recommend. (Id. at 39, 46, 51-52).

8. He understood the effect of his appeal waiver and the appeal rights he was relinquishing. (Id. at 47-48).

9. He had committed the criminal acts described by the government at the hearing, and he was pleading guilty because he was in fact guilty. (Id. at 53-59).

The Court found that Movant's plea was knowing and voluntary, accepted it, and found him guilty of Count One. (Id. at 61-62).

On February 19, 2016, Movant's Presentence Report ("PSR") was issued. ([47]). The PSR calculated Movant's adjusted total offense level to be 37 (PSR ¶ 36), with a recommended sentencing range of 210-262 months' imprisonment. This offense level included a five-level enhancement "because the offense involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." (Id. ¶ 26). Without the five-level enhancement, Movant's total offense level would have been 32, and his recommended sentencing range would have been 121-151 months. See U.S.S.G. ch. 5, pt. A, Sentencing Table.

On July 1, 2014, the Court, after finding that Movant's adjusted offense level was 37, sentenced Movant to a below-guidelines sentence of 145 months. ([33]; [36]). The Court also sentenced Movant to a term of fifteen years of supervised release. ([43.1] at 51). Movant did not file a direct appeal.

On June 30, 2015, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ([38]). Movant presents the following three grounds for relief:

1. [His] offense level was enhanced by five levels based on Probation's conclusion that the offense "involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." [But] there is no assertion in the presentence report or the discovery that [he] actually conducted any in-kind transactions, i.e. bartering or otherwise trading child pornography for other child pornography. Although the PSR [Presentence Report] and the record arguably show that [he] attempted to negotiate such trades, there is no evidence of any completed, in-kind transactions between [him] and others resulting in the acquisition of child pornography. Sentencing counsel did not object to this enhancement, resulting [in his] receiving the five-level enhancement when it was not supported by evidence.

2. On the advice of counsel, [he] entered a plea to distribution – as opposed to possession – of child pornography which, among other consequences, meant that his base offense level began at 22, not 18, as it would for possession. [But] there is no evidence in the record that [he] knowingly distributed child pornography. Because *mens rea* is an element of every crime which must be proven beyond a reasonable doubt, the government was obliged to prove that [he] knew that he was distributing child pornography in order for him to be guilty under 18 U.S.C. § 2252(a)(2) and (b). Because it could not do so, he was only guilty of possessing child pornography[,] and his attorneys performed deficiently when they advised and encouraged him to plead guilty to distribution, rather than possession, of child pornography.

3. In addition to the facts alleged in grounds one and two, [he] respectfully notes that there is no evidence that he knowingly

4

> distributed child pornography, so as to subject him to enhancement under U.S.S.G. § 2G2.2(b)(3). [He] is aware that the Eleventh Circuit has recently held that the enhancement does not have a *mens rea* element, but notes that there is a split in the Circuits as to that question. Therefore, for the purpose of preservation of the error, [he] respectfully requests that this [Court] reconsider the Eleventh Circuit's position and find that enhancement under 2G2.2(b)(3) does have a *mens rea* element, that counsel therefore performed deficiently in failing to object to such an enhancement in this case and that [Movant] was prejudiced thereby.

([38] at 4-6).

On March 21, 2016, the Magistrate Judge issued his R&R, recommending that Movant's Motion to Vacate be denied. ([48]). The Magistrate Judge further recommended that a certificate of appealability be denied. (Id.).

On April 4, 2016, Movant filed his objections to the R&R. ([50]). Movant objects to the Magistrate Judge's findings and recommendation that the five-point distribution enhancement applies and his counsel was not ineffective regarding Movant's decision to plead guilty to the distribution of child pornography charge.

## II. DISCUSSION

### A. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v.

5

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). The Court conducts a de novo review of the specific portions of the R&R to which Movant objects. The Court reviews the remainder of the R&R for plain error.

    B.    <u>The Strickland Standard in the Context of a Guilty Plea</u>

It is well established that:

> [T]o prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. Id. at 689. A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Connolly v. United States, 568 Fed. App'x. 770, 770-71 (11th Cir. 2014) (noting

6

that "[w]hen a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel," and affirming summary dismissal of a § 2255 motion because appellant's "conclusory allegations of coercion by his attorney . . . failed to rebut the strong presumptions that [(1)] his attorney's advice fell within the range of reasonable professional conduct and [(2) his] sworn statements in his plea agreement and at his change-of-plea hearing were true").

C. Analysis

1. Ineffective Assistance of Counsel for Advising Movant to Plead Guilty to Distribution (Ground Two)

Like the Magistrate Judge, the Court first considers Movant's claim that his counsel was ineffective in representing him in connection with his plea. Movant claims that his counsel provided ineffective assistance by advising him to plead guilty to distributing, rather than possessing, child pornography. ([38] at 5). The Magistrate Judge found that Movant failed to show that counsel's representation was deficient and failed to show he was prejudiced by his counsel's performance. In reaching these conclusions, the Magistrate Judge found that Movant admitted in open court, based on the overwhelming evidence against him, that he had committed the crime of distributing child pornography. (R&R at 6-10). Movant does not object to the Magistrate Judge's findings and conclusions with regard to

his second ground for relief. Accordingly, the Court reviews that part of the R&R for plain error.

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea." United States v. Speight, 454 F. App'x 785, 787 (11th Cir. 2011) (citing United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009)). Evidence that an accused entered his guilty plea knowingly and voluntarily includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-75 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); see also Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting Blackledge, 431 U.S. at 74) ("'The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'").

The Magistrate Judge found that Movant's guilty plea proceeding shows that his guilty plea was knowing and voluntary, not coerced, and that Movant was satisfied with his counsel's performance. (See [23.1], [35]). The Magistrate Judge

further found that Movant did not overcome the strong presumption of truth inherent in his declarations before the Court "by presenting, as he has done, nothing more than an unsupported assertion that counsel's unsound advice misled him into pleading guilty to a crime he did not commit." (R&R at 7-8). The Magistrate Judge recounted the Government's recitation of the facts at the plea hearing, which shows that Movant knowingly distributed images of child pornography to a user in London. (Id. at 10). Movant admitted that the facts presented "accurately describe[d] the conduct in which [he had] engaged." ([35] at 57). The Court finds that the Magistrate Judge did not commit plain error in recommending the Court deny Movant's second ground for relief.

2. The Five-Level Enhancement (Ground One)

Movant next claims ineffective assistance of counsel for his counsel's failure to object to the five-level sentencing enhancement to his base offense level under U.S.S.G. § 2G2.2(b)(3)(B). ([38] at 4). Movant argues that the Sentencing Commission "intended the enhancement to be given to a defendant who is conducting specific, *quid pro quo* transactions where he is distributing child pornography in order to expand the quantity of child pornography he possesses." ([40] at 10-11). Movant objects to the Magistrate Judge's recommendation that his

9

Motion to Vacate on these grounds be denied. The Court reviews the Magistrate Judge's findings de novo.

Section 2G2.2(b)(3)(B) provides for a five-level sentencing enhancement where a defendant engages in the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). The provision applies to any type of "bartering or other in-kind transaction" for valuable consideration, such as the exchange of child pornography. Id. § 2G2.2(b)(3)(B), cmt. n. 1. "[W]hen a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in distribution for the receipt, or expectation of receipt, of a thing of value." United States v. Bender, 290 F.3d 1279, 1286 (11th Cir.2002) (quotation marks omitted).[2]

In United States v. Vadnais, 667 F.3d 1206, 1209 (11th Cir. 2012), the Eleventh Circuit held that the mere use of a peer-to-peer file-sharing network to download child pornography, which by default allows other users to access those

---

[2] Distribution is any act related to the transfer of the material: including possession with the intent to distribute, transmission, and advertisement of material involving the sexual exploitation of a minor. U.S.S.G. § 2G2.2(b)(3)(B), comment. n.1. A defendant who makes child pornography files accessible to other users of a peer-to-peer file sharing program has distributed child pornography under the guidelines. United States v. Spriggs, 666 F.3d 1284, 1287 (11th Cir. 2012). There is no *mens rea* requirement expressed or implied by the guidelines. United States v. Creel, 783 F.3d 1357, 1360 (11th Cir. 2015).

same images, does not support the application of a § 2G2.2(b)(3)(B) enhancement absent "some other evidence, whether direct or circumstantial, that [the] defendant reasonably believed that he would receive something of value by making his child pornography files available for distribution." Such evidence "must show the connection between the defendant's distribution and the receipt or expectation of receipt of a thing of value." Id. "In other words, the government must present some evidence that the defendant 'shared his child pornography to gain access to another [person's] pornography' or conditioned his decision to make such images available 'on a return promise to share files.'" Maran, 531 F. App'x at 1000 (citing Spriggs, 666 F.3d at 1288). "[E]ven without an explicit *quid pro quo* agreement with another distributor of child pornography, a person may engage in such conduct with the reasonable expectation of an exchange." United States v. Cote, 482 F. App'x 373, 376 (11th Cir. 2011); but see United States v. Spriggs, 666 F.3d 1284, 1286–87 (11th Cir.2012) (holding the enhancement was misapplied because there was no evidence the defendant and "another user conditioned their decisions to share their illicit image collections on a return promise to share files," and noted that a mere "hope of receiving more pornography" is insufficient to justify the enhancement).

In Maran, the Eleventh Circuit affirmed the application of the five-level enhancement because the appellant "acknowledged at his plea hearing that, in response to an email request to trade child pornography, he directed his correspondent to 'send him [an] index sheet' of illicit images in exchange for another set of images, which he later sent to the correspondent after receiving several images of child pornography." 531 F. App'x at 1000; see also United States v. Bailey, 494 F. App'x. 13 (11th Cir. 2012) (affirming application of five-level enhancement where record "provide[d] additional evidence to establish Bailey's expectation of an exchange of pornographic material," including evidence of the exchange of files).

The Magistrate Judge found that the five-level enhancement for distributing child pornography for the receipt, or expectation of receipt, of child pornography was properly applied "based on Movant's attempts to exchange his own child pornographic images for those of others — as outlined in the PSR excerpts." (R&R at 22). The PSR details conduct supporting the Magistrate Judge's finding that Movant distributed child pornography with the expectation of receiving child pornography in return:

> A review of GigaTribe chat logs from the defendant's computer revealed that he distributed child pornography in exchange for the receipt of other child pornography. Examples of some of his chat logs are as follows:

> a) On November 2, 2011, the defendant sent Gigatribe user "lolipop 12" the message, "hello, can you share pass? i have much more to share if you do." Shortly thereafter, "lolipop 12" sent the defendant a password.
>
> b) On November 12, 2011, GigaTribe user "vvvxxx" accepted an invitation from the defendant to become a GigaTribe contact. The defendant responded to wvxxx with the statement, "hello, thanks fr the add. I will share more if you do."
>
> c) On January 1, 2012, GigaTribe user "Cutegirls" sent the defendant the message, "Do you have pt (Pre-Teen)?" The defendant later responded, "nice collection. Just shared more stuff with you."

(PSR ¶ 20). Finding that the enhancement was properly supported, the Magistrate Judge concluded that "Movant was not prejudiced by counsel's failure to raise a challenge that would have failed." (R&R at 22).

Movant objects to the Magistrate Judge's findings and argues that while the evidence shows that he negotiated for the trade of child pornography, there is no evidence that he ever actually consummated such a trade, which he argues is critical to applying the enhancement. ([50] at 7).[3] Direct evidence of a *quid pro quo* exchange is not required in order to apply the enhancement. The Eleventh

---

[3] Movant also argues that the evidence cited in the PSR "do[es] not in any way compel a conclusion that [Movant] . . . was seeking to distribute child pornography to receive child pornography" and that the evidence can be fairly read to indicate Movant was exchanging adult pornography. The use of "pt," a common abbreviation for "pre-teen," supports the Magistrate Judge's findings.

Circuit requires "some other evidence, whether direct or circumstantial, that a defendant reasonably believed that he would receive something of value by making his child pornography files available for distribution through a peer-to-peer network." United States v. Vadnais, 667 F.3d 1206, 1209 (11th Cir. 2012).

The evidence in the PSR is that Movant distributed child pornography by making his files accessible via Gigatribe. (PSR ¶ 10.). Movant's interaction with an undercover agent shows Movant's expectations and his reasons for using Gigatribe. Movant had certain files that were not password protected, which had names suggestive of child pornography: "1st Teen" or "Lolita." (PSR ¶ 13). After downloading these images, the agent requested "PTHC" (an abbreviation for "pre-teen hardcore") from Movant, who responded that he "has all kinds," but wanted to see the agent's password protected "pt" (pre-teen) folder before he would share. (PSR ¶ 14). As further described above, the PSR supplies sufficient circumstantial evidence that Movant "reasonably believed that he would receive something of value by making his child pornography files available for distribution." Vadnais, 667 F.3d at 1209.

Movant's objection also ignores the Government's proffer at his plea hearing, which Movant admitted "accurately describe[d] the conduct in which [he had] engaged." ([35] at 57). That conduct included:

> But what we have here was Mr. Schacher who is actively on chat logs, some of which are reproduced in the presentence report and some of which occurred with an undercover agent with FBI, where he specifically says, I want to see what you have before I give you anything that I have. And this is active distribution where he was intentionally putting these images out in the community for his own benefit so that he could obtain more.

([36] at 32). The Court finds that Movant was not prejudiced by his counsel's failure to object to the five-level enhancement because that objection would have been overruled.

### 3. The *Mens Rea* Requirement (Ground Three)

In Ground Three, Movant argues that although "the Eleventh Circuit has recently held that the enhancement does not have a *mens rea* element," the Court should reconsider the Eleventh Circuit's position "for the purpose of preservation of the error." ([38] at 6). He further argues that there is no evidence that he knowingly distributed child pornography, which undercuts any *mens rea* requirement for the five-level enhancement. (Id.). The Magistrate Judge declined to overrule binding Eleventh Circuit precedent holding that that distribution of child pornography "does not require an offender to know that he made child pornography accessible to others." United States v. Creel, 783 F.3d 1357, 1358 (11th Cir. 2015). The Magistrate Judge noted further that "in any event, as all the evidence reveals, there is no doubt that Movant knew that he was sharing child

pornography using Gigatribe." (R&R at 23). Movant objects to this finding. Upon de novo review, the Court finds no reason to part from Eleventh Circuit precedent. See Creel, 783 F.3d at 1360 ("If the Sentencing Commission meant to require knowledge, it would have said as much.") (internal quotations omitted).

4. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his Section 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The Magistrate Judge found that a certificate of appealability should be denied because it is not reasonably debatable that Movant is not entitled to relief.

The Court finds no plain error in the Magistrate Judge's conclusion. A certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Report and Recommendation [48] is **ADOPTED**.

**IT IS FURTHER ORDERED** that David Schacher's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [38] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 31st day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE